UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:03CV96-EHJ

RALPH STEPHENS BAZE, JR.                                                             PLAINTIFF

v.

STEVE HILAND                                                                         DEFENDANT

## MEMORANDUM OPINION

This matter is before the court upon defendant's Motion for Summary Judgment (DN 104), to which the plaintiff has responded (DN 107). For the reasons that follow, summary judgment is granted to the defendant.

## BACKGROUND

Plaintiff Ralph Stephens Baze, Jr., a death row inmate at Kentucky State Penitentiary, filed a *pro se* complaint pursuant to 42 U.S.C. §1983. All claims have been dismissed except two claims against Dr. Steve Hiland, individually and in his official capacity. The two claims currently pending before this Court are: 1) whether Dr. Hiland was deliberately indifferent to plaintiff's serious medical needs by allegedly refusing to treat plaintiff's sore throat and by allegedly refusing to change medications causing adverse side effects; and 2) whether Dr. Hiland denied plaintiff medical treatment in retaliation for plaintiff's filing grievances and writing letters.

## STANDARD OF REVIEW

Summary judgment is proper if the moving party can establish that the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to

a judgment as a matter of law." Fed.R.Civ.P. 56(c).  In applying Rule 56(c), a court views the evidence in a light most favorable to the non-movant, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and must resolve all ambiguities and draw all reasonable inferences against the moving party.  See Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Not every issue of fact or conflicting inference presents a genuine issue of material fact, Street v. Bradford & Co., 886 F.2d 1472, 1477 (6th Cir. 1989).  The test is "whether the party bearing the burden of proof has presented a jury question as to each element in the case," Hartsel v. Keys, 87 F.3d 795, 799 (6th Cir. 1996).  The plaintiff must present more than a mere scintilla of evidence.  To support his position, he must present evidence on which the trier of fact could find for the plaintiff.  Id., citing Anderson v. Liberty Lobby, Inc. at 251-52.

While plaintiff's status as a *pro se* plaintiff entitles his submissions to a liberal reading, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (per curiam), this liberality does not abrogate basic pleading essentials, Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989).

## DISCUSSION

Title 42 U.S.C. §1983 provides in pertinent part as follows:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

The first inquiry in any §1983 action is whether a deprivation of a right secured by the Constitution or laws of the United States has occurred, Baker v. McCollon, 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); Williams v. Bass, 63 F.3d 483, 485 (6th Cir. 1995).  To establish a right to relief

under 42 U.S.C. §1983, a plaintiff must allege at least two elements: 1) that he has been deprived of a right secured by the Constitution and laws of the United States; and 2) that the defendants deprived him of that right while acting under color of state law, Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir. 1994).

When asserting a claim under §1983, a plaintiff must allege specific facts, Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir. 1986). The requisite facts must provide adequate detail to support the claims, such as specific incidents of deprivation of plaintiff's rights, how each defendant was involved, and the names of other persons involved, noting specific dates and places. The specific facts must also explain how the challenged conduct or condition personally injured plaintiff himself, Cotner v. Hopkins, 795 F.2d 900, 902 (10th Cir. 1986), and how each defendant is responsible for the alleged injuries, Smith v. Rowe, 761 F.2d 360, 369 (7th Cir. 1985).

Additionally, a complaint filed under §1983 must show a causal connection between the named defendant and the alleged constitutional deprivations. This means that a plaintiff must allege specific actions taken by the defendant that were the proximate cause of the constitutional injury allegedly sustained by the plaintiff, Cameron v. City of Pontiac, Mich., 813 F.2d 782, 786 (6th Cir. 1987). "Congress did not intend §1983 to attach where causation is absent," Deaton v. Montgomery City, 989 F.2d 885, 889 (6th Cir. 1993).

A.   Plaintiff's Claim of Retaliation by Dr. Hiland

As a preliminary matter, this Court has again reviewed the plaintiff's claim of retaliation by Dr. Hiland and it appears that plaintiff has failed to give any factual example of any allegation that could be construed as a violation of his civil rights or a threat of retaliation against him. With regard to this claim, the pleadings lack the requisite facts necessary to provide adequate detail to support

the claims as is required by Chapman v. City of Detroit, supra. For example, the pleadings and other evidence of record fail to delineate any specific incidents of retaliation, and fail to explain how Dr. Hiland specifically inflicted acts of retaliation against plaintiff. There is a complete lack of specificity with regard to any specific dates or modes of infliction of retaliation against plaintiff by Dr. Hiland. Where a plaintiff has failed to supply sufficient facts to support his claim, this Court is not bound to "conjure up" unpleaded facts that might turn a frivolous claim into substantial one, McGregor v. Industrial Excess Landfill, Inc., 856 F.2d 39, 42-43 (6th Cir. 1988). As there is no factual basis upon which this Court could conclude that Dr. Hiland retaliated against plaintiff, this claim is dismissed.

B.   Plaintiff's Eighth Amendment Claim of Cruel and Unusual Punishment

The Supreme Court has held that "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment," Estelle v. Gamble, 429 U.S. 97, 104 (1976) (quotation marks and citations omitted). However, "the Court distinguished 'deliberate indifference to serious medical needs' from an inadvertent failure to provide adequate medical care, which does not constitute cruel and unusual for purposes of the Eighth Amendment," Boretti v. Wiscomb, 930 F.2d 1150, 1152 (6th Cir. 1991) (citing Estelle, 429 U.S. at 105).

Mere negligence is insufficient to state a cause of action for deliberate indifference to medical needs. Instead, the conduct "must demonstrate deliberateness tantamount to intent to punish," Horn v. Madison County Fiscal Court, 22 F.3d 653, 660 (6th Cir. 1994) (citing Roberts v. City of Troy, 73 F.2d 720, 724 (6th Cir. 1985)). While "an express intent to inflict pain is not required . . . obduracy and wantonness are indications of deliberate indifference," Boretti 930 F.2d

at 1153 (citations omitted).  Correspondingly, a prisoner's disagreement with the course of his medical treatment (essentially a medical malpractice claim) is not cognizable under §1983, see Estelle, 429 U.S. at 107; Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

The weight of the medical evidence demonstrates that Dr. Hiland has made numerous efforts to treat plaintiff's throat and gastric reflux symptoms.  The plaintiff's medical records reveal frequent treatment and testing by medical professionals, including tests for h. pylori (a common bacterial cause of gastric reflux disease).  While plaintiff disagrees with the type of treatment that he has received and has demanded to see a specialist, there is no evidence in this case that Dr. Hiland has acted with deliberate indifference to plaintiff's medical needs.

The medical records reflect approximately one dozen instances when plaintiff complained of throat and/or reflux problems to which Dr. Hiland responded with medications, testing, and lifestyle change suggestions for plaintiff.  In fact, there is one instance in which additional forms were submitted to the Kentucky Department of Corrections requesting that plaintiff be allowed to continue on Protonix for the reflux disease, despite the drug being a non-formulary medication.  The records reflect that plaintiff has received medical treatment from Dr. Hiland for his sore throat and reflux problems in addition to numerous other problems including thyroid disease, elevated cholesterol, and joint problems.  The medical treatment records span a period including several years before this lawsuit was filed, and several years following the suit.  It is not this Court's place to second-guess the judgment of the medical professionals who have provided medical attention, Estelle 429 U.S. at 107.  Furthermore, the Court cannot find a constitutional violation on the basis of plaintiff's disagreement with the medical treatment that he has received, Id. at 105-106.

In sum, the plaintiff's allegations concerning statements made by Dr. Hiland at most exhibit indecorum on the part of Dr. Hiland, and not "deliberate indifference to a serious medical need." In fact, any indifference that may be read into statements attributed to Dr. Hiland such as, "write all the damned letters you want, it will do you no good" are negated by his continued treatment of plaintiff. Certainly, these alleged statements by Dr. Hiland would inappropriately display his frustration with plaintiff, but rude statements do not constitute deliberate indifference. Even assuming that the statements are true, without more, they are insufficient to overcome the weight of the medical evidence that Dr. Hiland has attempted to provide adequate medical care to plaintiff and has not exhibited deliberate indifference to plaintiff's medical needs.

Accordingly, summary judgment is appropriate and this action is dismissed, with prejudice.